IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCO A. NUNEZ,

    Petitioner,

v.                                                      CASE NO. 19-3015-JWL

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses the Petition as legally frivolous.

**Background**

In February 2007, Petitioner pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Nunez-Ramos*, Case No. 06-20141-JWL (D. Kan.). In June 2008, Petitioner was sentenced to a 235-month term of imprisonment. In March 2009, Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Id*. at Doc. 56. Petitioner's § 2255 motion was denied in part and dismissed in part on September 30, 2009. *Id*. at Doc. 73.

Petitioner brings the instant Petition under 28 U.S.C. § 2241, alleging that he is being unlawfully imprisoned because "the FINE imposed under Document 17, paragraph #10, Claim #2:06-CR-20141-JWL, has been Fully Satisfied . . . ."[1] (Doc. 1, at 2.) Petitioner cites to multiple federal and state statutes, codes and regulations. Petitioner attaches documents, presumably

---

[1] The Court notes that Doc. 17 in Petitioner's criminal case is his Petition to Enter Plea of Guilty and Order Entering Plea. Paragraph 10 provides in part that Petitioner's attorney informed him that the guilty plea could subject him to a fine not to exceed four million dollars and that the Court may order him to make restitution.

1

self-prepared, including: a 2018 Form 1096 reporting $150,000,000 and signed by Petitioner as Trustee; various 2018 Form 1099-As showing outstanding principal balances of $50,000,000 and listing Petitioner as the Lender and the United States District Court for the District of Kansas as borrower; a power of attorney purporting to name himself, as agent, as "power of attorney in fact" for himself, as secured party; an Express Trust; and a UCC Financing Statement naming Petitioner as the secured party and the United States District Court for the District of Kansas as the debtor.

**Analysis**

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)).

Petitioner brings his petition under § 2241 and claims he is not bringing a § 2255 motion. (Doc. 1, at 4.) ("Be informed, this is NOT a 2255 Motion"). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition *in the district of confinement*." *Al-Pine v. Richerson*, No. 18-2142, 2019 WL 610597, at *2 (10th Cir. Feb. 13, 2019) (unpublished) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (emphasis added)). "Jurisdiction over § 2241 petitions 'lies in only one district: the district of confinement.'" *Id*. (citing *Rumsfeld*, 542 U.S. at

443).[2]

Petitioner is currently, and was at the time of filing, confined at FCI-Victorville in Victorville, California.[3]  When a petition is brought in the wrong district, the court should take a "quick look at the merits" before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss the petition outright."  *Id*. at *3 (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150–51 (10th Cir. 2000)).  Although Petitioner's claims are largely incomprehensible, the Court's "quick look at the merits" shows that Petitioner's claims are legally frivolous.  *See Crawford v. United States*, No. 09-3078-RDR, 2009 WL 1657546, at *1 (D. Kan. June 12, 2009) (summarily dismissing petition and finding that "Plaintiff's attempt to effect his release . . . through operation of civil commercial statutes and self styled bonds is legally frivolous"); *see also Marrero v. Warden*, No. 5:17-HC-2020-BO, 2017 WL 4112282, at *1 (E.D. N.C. May 23, 2017) (finding that "a criminal judgment is not a financial document the terms of which may be negotiated by commercial codes or contractual principles," and noting that arguments based on similar theories have been rejected by courts as being frivolous and a waste of judicial resources) (citing *McCullough v. United States*, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011)).

The Court should consider the consequences of transfer "to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F3d at 1150.  The Court finds that transfer is not warranted and dismisses the Petition as legally frivolous.

---

[2]  The Tenth Circuit in *Al-Pine*, notes that the word "jurisdiction" is used in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in reference to subject-matter jurisdiction.  *Al-Pine*, 2019 WL 610597, at n.4 ("Thus, while we say here that the district court did not have jurisdiction to grant § 2241 relief, the court did have subject-matter jurisdiction over the action and was able to dismiss on an alternative ground.").

[3]  *See*  Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 6, 2019) (showing inmate Marco Antonio Nunez-Ramos, Register Number: 11460-031 located at Victorville Medium II FCI); *see also* Petition, Doc. 1, at 1 (showing Petitioner's place of confinement as Victorville, CA).

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 6th day of March, 2019.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
